J-S16044-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
BRYAN M. TRENTINI :
:
Appellant : No. 2471 EDA 2022

Appeal from the Judgment of Sentence Entered July 19, 2022
In the Court of Common Pleas of Bucks County Criminal Division at
No(s): CP-09-CR-0006187-2021

BEFORE: DUBOW, J., MURRAY, J., and McCAFFERY, J.

MEMORANDUM BY McCAFFERY, J.: **FILED AUGUST 29, 2023**

Bryan M. Trentini (Appellant) appeals from the judgment of sentence entered in the Bucks County Court of Common Pleas, following his open guilty plea on charges of stalking, terroristic threats, theft by unlawful taking, criminal mischief, loitering and prowling, and harassment.[1] The trial court sentenced Appellant to a term of 30 to 60 months' incarceration in a state correctional institution. On appeal, Appellant claims the court abused its discretion by imposing a sentence that was manifestly excessive and failed to consider his rehabilitative needs, history, and character. Based on the following, we affirm.

---

[1] 18 §§ 2709.1(a)(2), 2706(a)(3), 3921(a), 3304(a)(2), 5506, and 2709(a)(3), respectively.

Appellant's convictions stem from an incident on November 22, 2021, when his on-again/off-again girlfriend (the Victim) reported that Appellant was trespassing at her residence on Lakeside Drive in Levittown, Bucks County. *See* N.T., 7/19/22, at 9. Appellant was under the influence of methamphetamine at the time of the trespass. *See id.* at 20.

At this juncture, it merits mention that Appellant had four previous domestic assault cases involving the Victim. *See* N.T., 7/19/22, at 6-7. In 2013, Appellant pled guilty to harassment, a third-degree misdemeanor, and received one-year probation. *See id.* at 7. In 2015, Appellant pled guilty to simple assault and received a sentence of four to 23 months' incarceration. *See id.* In 2018, Appellant again pled guilty to simple assault and received a sentence of time served to 23 months. *See id.* In 2019, Appellant pled guilty to simple assault and received a six-to-23-month sentence. *See id.* At the time of his present sentencing proceeding, Appellant also had an open case in New Jersey for possession with intent to deliver and unlawful possession of a handgun. *See id.* at 7.

Leading up to the incident on November 22nd, the Victim reported several instances of concern involving Appellant. *See* N.T., 7/19/22, at 9-11. On November 11, 2021, Appellant and the Victim got into a verbal argument where Appellant threatened to "choke the life out of" the Victim, after which she told him not to return to their residence. *See id.* at 9-10. The Victim reported that during the following days, Appellant repeatedly called and texted

her, was at her front door, and drove by her house. *See id.* at 10. She suspected Appellant would "stay in the shed in her backyard [because] food and a music player were found in that shed." *See id.* The Victim made additional reports *via* email to the police regarding Appellant's "escalating concerning contacts." *See id.* at 9-10. The Victim indicated Appellant also accessed her email and changed her passwords. *Id.* at 10-11. Moreover, Appellant accused the Victim of having an affair with the "affiant" police officer[2] and threatened to harm that individual. *See id.* at 11.

At the time of the November 22nd incident, Appellant was on "supervision." *See* N.T., 7/19/22, at 7. Melanie Webb, a probation and parole officer, indicated Appellant violated his parole on four prior occasions. *See id.* at 12-19. While in custody for current case, Appellant had two misconducts for: 1) contacting the Victim despite parole and bail conditions of no contact, and 2) misuse of medication in January of 2022. *See id.* at 21-22.

On April 11, 2022, Appellant entered an open guilty plea on charges of stalking, terroristic threat, theft by unlawful taking, criminal mischief, loitering and prowling, and harassment. On July 19, 2022, the trial court sentenced Appellant to a term of 30 to 60 months' imprisonment for the stalking. The court imposed no further penalty regarding the remaining five convictions.

---

[2] A review of the record does not reveal the identity of the affiant officer.

Appellant filed a motion to reconsider sentence on July 29, 2022. The trial court denied his motion without a hearing on August 26, 2022.

On September 2, 2022, Appellant filed a notice of appeal. On September 29, 2022, the trial court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) within 21 days. Following an extension of time, Appellant filed concise statement on October 18, 2022. The trial court issued a Pa.R.A.P. 1925(a) opinion on January 30, 2023.

Appellant raises one issue on appeal:

A. Did the trial court err in imposing a sentence that: (a) exceeded the sentence guidelines, (b) failed to give adequate reasons to justify a sentence in excess of the aggravated range of the sentencing guidelines, and (c) failed to take into account Appellant's age, maturity, circumstances of the case, and Appellant's personal circumstances and rehabilitative needs[?]

*See* Appellant's Brief at 7 (some capitalization omitted).

Appellant challenges the discretionary aspects of his sentence. Appellant claims his sentence is manifestly excessive and the trial court committed an abuse of discretion because it "ignored" evidence concerning Appellant's character and rehabilitative needs. Appellant's Brief at 12. He points out that he has been sober since November 23, 2021, and has taken "significant strides to rehabilitate himself during his period of incarceration prior to sentencing." *Id.* at 13. Additionally, he contends the court failed to consider the fact that he accepted responsibility for his actions and was committed to his recovery. *Id.* at 15. Furthermore, Appellant alleges the

- 4 -

court "did not mention" the Pennsylvania Sentencing Guidelines and did not "give any indication that the guidelines were even considered." ***Id.*** at 15-16. Appellant also states "the trial court failed to adequately state its reasons for deviating" from the guidelines. ***Id.*** at 16. Appellant concludes "the trial court imposed an aggregate sentence that is manifestly excessive and unreasonable and constitutes too severe a punishment." ***Id.***

As mentioned above, the trial court sentenced Appellant for the stalking offense to a term of 30 to 60 months' incarceration. He had a prior record score of two and the offense gravity score for stalking is five. ***See*** N.T., 4/11/22, at 15. The sentencing guidelines provide the following ranges: (1) restorative sanctions or probation for the mitigated range; (2) three to 14 months' incarceration for the standard range; and (3) at least 17 months' imprisonment for the aggravated range. ***Id.*** at 15-16. The statutory maximum for stalking, a first-degree misdemeanor, is five years' incarceration. ***Id.*** at 15. Accordingly, Appellant's sentence fell outside the sentencing guidelines but did not exceed the statutory maximum.

There is no automatic right to review of a challenge to the discretionary aspects of sentencing. ***Commonwealth v. Bankes***, 286 A.3d 1302, 1306 (Pa. Super. 2022) (citation omitted).

> Before [this Court may] reach the merits of [a challenge to the discretionary aspects of a sentence], we must engage in a four part analysis to determine: (1) whether the appeal [was timely-filed]; (2) whether Appellant preserved his issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary

aspects of sentence [pursuant to Pa.R.A.P. 2119(f)]; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code. [I]f the appeal satisfies each of these four requirements, we will then proceed to decide the substantive merits of the case.

*Id.* (citation omitted).

Appellant has satisfied the first three prongs of this analysis, where he raised this challenge in a post-sentence motion, filed a timely appeal, and included in his brief a Rule 2119(f) statement. **See** Appellant's Brief at 9-10. Therefore, we now consider whether Appellant has raised a substantial question:

In determining whether a substantial question exists, this Court does not examine the merits of whether the sentence is actually excessive. Rather, we look to whether the appellant has forwarded a plausible argument that the sentence, when it is within the guideline ranges, is clearly unreasonable. Concomitantly, the substantial question determination does not require the court to decide the merits of whether the sentence is clearly unreasonable.

**Commonwealth v. Swope**, 123 A.3d 333, 340 (Pa. Super. 2015) (citation omitted).

This Court has previously determined a "contention that the sentencing court exceeded the recommended range in the [s]entencing [g]uidelines without an adequate basis raises a substantial question for this Court to review." **Commonwealth v. Sheller**, 961 A.2d 187, 190 (Pa. Super. 2008). Furthermore, a claim that a court imposed an excessive sentence after not considering mitigating evidence and rehabilitative needs raises a substantial question. **See Commonwealth v. Caldwell**, 117 A.3d 763, 770 (Pa. Super.

2015) (*en banc*) (stating that an excessive sentence claim, that encompasses the court's failure to consider mitigating factors, raises a substantial question); *see also Commonwealth v. Baker*, 72 A.3d 652, 662 (Pa. Super. 2013) (citation omitted) (concluding a challenge that the trial court imposed a sentence that was "unreasonable and contrary to the fundamental norms of the Sentencing Code" and did not consider the appellant's rehabilitative needs raised a substantial question) (citation omitted).[3]  We interpret Appellant's claims to fall under these types of substantial questions.  Therefore, we may proceed to consider the merits of his argument.

_____

[3] To the extent that Appellant argues the trial court "did not mention" the sentencing guidelines, this Court previously has determined that kind of argument does not raise a substantial question.  *See Commonwealth v. Rush*, 162 A.3d 530, 543 (Pa. Super. 2017).

Moreover, the Pennsylvania Supreme Court previously has stated that "guidelines have no binding effect . . . they are advisory guideposts that are valuable, may provide an essential starting point, and that must be respected and considered; they recommend, however, rather than require a particular sentence."  *Commonwealth v. Walls*, 926 A.2d 957, 964-65 (Pa. 2007).  This Court has previously held that "[w]hen the record demonstrates that the sentencing court was aware of the guideline ranges and contains no indication that incorrect guideline ranges were applied or that the court misapplied the applicable ranges, we will not reverse merely because the specific ranges were not recited at the sentencing hearing."  *Commonwealth v. Griffin*, 804 A.2d 1, 8 (Pa. Super. 2002).

Here, the trial court set forth the guideline ranges at Appellant's April 11, 2022, guilty plea proceeding, and Appellant does not argue that they are incorrect.  *See* N.T., 4/11/22, at 15-16.  Accordingly, we may presume the court was aware of the specific ranges at issue.  Therefore, Appellant's claim has no merit.

The relevant standard of review is well-settled:

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Clemat*, 218 A.3d 944, 959 (Pa. Super. 2019) (citation omitted). "[W]hen imposing sentence, the trial court is granted broad discretion, as it is in the best position to determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it." *Commonwealth v. Mulkin*, 228 A.3d 913, 917 (Pa. Super. 2020).

This Court has also stated:

[W]hen imposing a sentence, the sentencing court must consider the factors set out in 42 Pa.C.S.A. § 9721(b), that is, the protection of the public, gravity of offense in relation to impact on the victim and community, and rehabilitative needs of the defendant. . . .

Furthermore, [a] trial court judge has wide discretion in sentencing and can, on the appropriate record and for the appropriate reasons, consider any legal factor in imposing a sentence[.] The sentencing court, however, must also consider the sentencing guidelines.

*Clemat*, 218 A.3d at 960 (citation omitted). Moreover, the sentencing guidelines are advisory as they "have no binding effect, create no presumption in sentencing, and do not predominate over other sentencing factors." *Commonwealth v. Glass*, 50 A.3d 720, 727-28 (Pa. Super. 2012) (citation omitted).

When imposing [a] sentence, the trial court is required to consider the particular circumstances of the offense and the character of the defendant. The trial court should refer to the defendant's prior criminal record, age, personal characteristics, and potential for rehabilitation.

*Clemat* at 959-60 (citations omitted).

We are also guided by the following:

When reviewing a sentence outside of the guideline range, the essential question is whether the sentence imposed was reasonable. *Commonwealth v. Walls,* 926 A.2d 957, 567 (Pa. 2007). An appellate court must vacate and remand a case where it finds that "the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable." 42 Pa.C.S.A. § 9781(c)(3). In making a reasonableness determination, a court should consider four factors:

(1) The nature and circumstances of the offense and the history and characteristics of the defendant.

(2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation.

(3) The findings upon which the sentence was based.

(4) The guidelines promulgated by the commission.

42 Pa.C.S.A. § 9781(d). A sentence may be found unreasonable if it fails to properly account for these four statutory factors. A sentence may also be found unreasonable if the "sentence was imposed without express or implicit consideration by the sentencing court of the general standards applicable to sentencing [as found in Section 9721]." *Walls,* [926 A.2d at 964].

*Commonwealth v. Sheller*, 961 A.2d 187, 190-91 (Pa. Super. 2008). "A sentencing court, therefore, in carrying out its duty to impose an individualized sentence, may depart from the guidelines when it properly identifies a particular factual basis and specific reasons which compelled [it] to deviate

from the guideline range." ***Commonwealth v. Shull***, 148 A.3d 820, 836 Pa. Super. 2016) (citation and quotation marks omitted). Moreover, "in every case where a sentencing court imposes a sentence outside of the sentencing guidelines, the court must provide in open court a contemporaneous statement of reasons in support of its sentence." ***Shull***, 148 A.3d at 835-36. The court can "meet the requirement of a contemporaneous written statement by placing its reasons for departure on the record during sentencing." ***Commonwealth v. Feucht***, 955 A.2d 377, 383 (Pa. Super. 2008) (citation omitted). Additionally, the on-the-record disclosure requirement does not require the trial court to make "a detailed, highly technical statement." ***Commonwealth v. Hunzer***, 868 A.2d 498, 514 (Pa. Super. 2005) (citation omitted).

A review of the record reveals the following. At Appellant's July 19, 2022, sentencing proceeding, there is no indication whether the trial court had the benefit of a pre-sentence investigation (PSI) but it merits mention that this case was Appellant's fifth appearance before the court system for crimes committed against the Victim. Moreover, the Commonwealth did present several domestic violence investigation (DVI) reports from prior years. ***See*** N.T., 7/19/22, at 5-6. The Commonwealth also recited Appellant's prior criminal history with respect to the Victim and pointed out the following: (1) he was unsuccessfully discharged from "batterer's intervention for continuous issues with either missing or being late for group and admitting to having

ongoing contact with the [V]ictim[;"], (2) he continued to test positive for drugs, including multiple times for methamphetamine; and (3) while in custody for the present crimes, he had two misconducts (one for contacting the victim and the second for misuse of medication). *Id.* at 6-8. The Commonwealth further stated: "Your Honor, the [V]ictim . . . lives in fear and terror of [Appellant]. She feels that she's only safe from [him] when he's in custody, and she . . . is concerned . . . for herself and their shared son[.]" *Id.* at 11. In recommending a state sentence, the Commonwealth emphasized the following:

> We've seen it, now this is the fifth time [Appellant] has been in front of th[e trial c]ourt or a court in this county for the same type of behavior, escalating behavior. . . .
>
> Your Honor, I think [Appellant] has shown through his actions over at least the last nine years that he is unsafe to the [V]ictim, he is unsafe to the community, and the only place where he seems to do relatively okay is when he's incarcerated.

*Id.* at 35-36.

The trial court also heard from Probation and Parole Officer Webb regarding Appellant's history of parole and probation violations. *See* N.T., 7/19/22, at 14-19. Officer Webb did not provide the trial court with a sentence recommendation but stated the court should determine whether Appellant receive concurrent or consecutive sentences. *See id.* at 19.

Appellant also invoked his right to allocution, admitting his guilt and that he was under the influence of drugs at the time. *See* N.T., 7/19/22, at 20. Appellant explained his reasons for the violations while in custody, stating that

he had written a letter to the Victim to discuss their child in December 2021, and the misuse of medication misconduct was for not taking his medication. *See id.* at 21-22. Appellant testified that he has made efforts to rehabilitate himself while incarcerated prior to sentencing, including the completion of six programs at Bucks County Jail. *See id.* at 22-23. Appellant also completed the H.O.P.E. program for drug and alcohol treatment. *See id.* at 23. Appellant stated that after completing the H.O.P.E. program, he became a leader in the organization and created materials for it. *See id.* at 24. He provided the trial court with a letter of recommendation from his program supervisor and certificates of recognition in personal accountability and responsibility, good work ethic, and community involvement. *See id.* He also participated in a course to address substance abuse and mental health disorders. *See id.* Appellant testified that he had been diagnosed with Post-Traumatic Stress Disorder, Attention-Deficit/Hyperactivity Disorder, and Obsessive-Compulsive Disorder. *See id.* Lastly, he expressed remorse for his actions, and read a letter to the court which highlighted accomplishments and lessons from the H.O.P.E. program and expressed a commitment to improving himself. *See id.* at 26, 28-29.

At the conclusion of the proceeding, the trial court set forth its reasons for Appellant's sentence, stating:

> [Appellant] has been the example of I'm not doing what anybody tells me to do. He just has not done anything. He refuses to comply with terms of supervision. He refuses to follow the orders of the Court when they tell him not to have contact with people or

they must – he must do this, and he doesn't, and he's refused, and that's why we're here.

But we put him in Bucks County, and I appreciate the fact that he has completed the H.O.P.E. program which is a significant program there. It's a difficult program to compete. And for the first time he has completed it, and I will give him credit for that, significant credit. But [Appellant does not] get to do one thing right and think that that fixes everything. It just doesn't.

I'm proud of [Appellant], and . . . I was going to send [him] to a [SCI] for a significant period of time, and I've changed my mind as to the length of the time, but [Appellant has] burned every bridge in Bucks County and Bucks County Adult Probation and Parole. [Appellant has] just done that. So I think that it's appropriate for a state sentence, but I'm going to give [Appellant] the credit for the H.O.P.E program and the fact that the prison considers that [he is] a leader there, that [he has] changed.

N.T., 7/19/22, at 36-38.

In its Pa.R.A.P. 1925(a) opinion, the trial court supplemented its statements at sentencing with the following:

This sentence does not follow a first-time offense, nor a second, third or fourth, but rather a fifth offense with the same victim. We considered the conduct, character, criminal history, and impact of Appellant's actions on the community and found that Appellant . . . has a lack of respect for authority, as he continues to accrue misconducts and violations of his parole.

Appellant . . . was advised of the maximum penalties and the sentencing guidelines during the guilty plea proceeding on April 11, 2022. While Appellant was sentenced to the statutory maximum on Count III, Stalking — Repeatedly Communicating to Cause Fear, no further penalty was given on any of the other counts. The sentence imposed falls within the total number of months that could have been imposed if each count was sentenced in the aggravated range of the sentencing guidelines and were to run consecutively. If each count was sentenced in the aggravated range and ran consecutively, Appellant would be facing [42] months, at the minimum. We implicitly understand the benefit of a sentence on one count versus multiple; Appellant remains tied

- 13 -

to the system, yet this ultimately avoids inconsistency in violations and parole.

Admittedly we did not issue a contemporaneous written statement detailing our reasoning for a sentence outside the sentencing guidelines, however, one was not necessary under Pennsylvania law. As indicated by the Pennsylvania Superior Court in **Commonwealth v. Feucht**, [**supra**,] the written component was satisfied by our express reasoning given on the record during sentencing. Appellant . . . has exhausted the treatment options available to him in Bucks County. He refused to comply with the rules and regulations of probation and parole supervision in Bucks County. He has been unsuccessfully discharged from a required treatment program, namely batterer's intervention. Appellant continues to use drugs while on supervision. He has incurred misconducts while in Bucks County Correctional Facility for this case for contact with the victim, and misuse of medication. . . .

We felt strongly that it was appropriate to end his supervision by Bucks County and begin anew with state supervision. Appellant's completion of the H.O.P.E. program is significant but does not absolve Appellant from the behavior he has consistently exhibited.

Trial Ct. Op. at 7-8.

Under our standard of review, we find the trial court did not abuse its discretion with regard to Appellant's sentence. Contrary to his arguments, it is evident from the July 19th sentencing hearing, and the Rule 1925(a) opinion that the court considered the mitigating evidence, Appellant's acceptance of responsibility and his rehabilitative needs, in addition to the required factors under Section 9721(b). However, the court emphasized the gravity of offense in relation to impact on the Victim and Appellant's lack of potential for rehabilitation based on his numerous encounters with the court system. Moreover, the court acknowledged its understanding of the sentencing

guidelines at the April 11th guilty plea proceeding and its Rule 1925(a) opinion, and articulated a sufficient statement of reasons for the sentence imposed. Lastly, to the extent Appellant complains the trial court did not provide a contemporaneous written statement regarding its reason for a deviation, the court did "place[ ] its reasons for departure on the record during sentencing." *Feucht*, 955 A.2d at 383.[4]

Accordingly, we find Appellant has failed to demonstrate the sentence imposed was unreasonable and that the trial court "ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision." *Commonwealth v. Johnson*, 125 A.3d 822, 826 (Pa. Super. 2015).

For the foregoing reasons, Appellant's challenge to the discretionary aspects of his sentence fails.

Judgment of sentence affirmed.

---

[4] It merits mention that Appellant did receive the benefit of a "volume discount" at the time of sentencing where he pled guilty to six crimes but was sentenced only for one crime.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/29/2023